IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | CIVIL ACTION No. 3:22-cv-122 | |
| V. § | | |
| § | JURY TRIAL DEMANDED | |
| § | | |
| **PHILLIP W. OFFILL, Jr., et al.** § | | |
| § | | |
| **Defendants.** § | | |

**ANSWER OF JUSTIN W. HERMAN**

Comes now defendant, Justin W. Herman, pro se ("Herman"), and for answer to the Complaint of plaintiff Securities and Exchange Commission ("SEC") states as follows:

**COUNTERSTATEMENT OF CASE**

**1.** Herman denies the SEC's factual allegations, including those allegations as to intent in paragraph 1. This is a very different case than presented by the SEC. There was no scheme; there was no forgery; there was no "dumping"; and the "legal owners" of the shares purportedly "dumped" authorized the complained-of transactions, were complicitous between and among themselves and others in promotional and other actions, to the exclusion of Herman, and received nearly all the proceeds from the complained-of transactions. Herman denies that he forged documents, denies that he engaged in sham transactions, denies that he committed any act that was not legitimate or authorized and denies that he did any act without the consent of the actual owners.

**2.** Herman is without knowledge to admit or deny the allegations in paragraph 2.

3. Herman is without knowledge to admit or deny the allegations in paragraph 3.

4. Herman denies the SEC's factual allegations, including those allegations as to intent, in paragraph 4. Herman denies that he used forged or sham documents to deceive Mansfield-Martin Exploration & Mining, Inc., its transfer agent, or a broker dealer into effectuating the transfer.

5. Herman denies the SEC's factual allegations, including those allegations as to intent, in paragraph 5. Herman denies that he sold any stock fraudulently transferred to him by Offill and denies that this was an illegitimate transaction. Herman denies that he reaped illicit profits of $935,000.00.

6. Herman denies the factual allegations in paragraph 6 and denies that he violated federal securities laws.

7. Herman is without knowledge to admit or deny the allegations in paragraph 7

8. Herman is without knowledge to admit or deny the allegations in paragraph 8.

9. Herman admits that resides in Canonsburg, PA and that he was convicted in case number 2:19-CR-00026,(D.Wy.) and that he is awaiting sentencing.

10. Herman is without knowledge to admit or deny the allegations in paragraph 10.

11. Herman is without knowledge to admit or deny the allegations in paragraph 11.

12. Paragraph 12 of the SEC's Complaint states a legal conclusion and does not require factual denials.

13. Paragraph 13 of the SEC's Complaint states a legal conclusion and does not require factual denials.

14. Herman denies the factual allegations in paragraph 14 of the SEC's Complaint, including those factual allegations concerning intent.

15. Paragraph 15 of the SEC's Complaint states a legal conclusion and does not require factual denials.

16. Herman is without knowledge to admit or deny the allegations in paragraph 16.

17. Herman is without knowledge to admit or deny the allegations in paragraph 17.

18. Herman is without knowledge to admit or deny the allegations in paragraph 18.

19. Herman is without knowledge to admit or deny the allegations in paragraph 19.

20. Herman is without knowledge to admit or deny the allegations in paragraph 20.

21. Herman is without knowledge to admit or deny the allegations in paragraph 21.

22. Herman is without knowledge to admit or deny the allegations in paragraph 22.

23. Herman is without knowledge to admit or deny the allegations in paragraph 23.

24. Herman denies that participated in a sham transaction involving MCPI stock and denies that he provided a "kick back" to Offill.

25. Herman is without knowledge to admit or deny the allegations in paragraph 25.

26. Herman is without knowledge to admit or deny the allegations in paragraph 26.

27. Herman is without knowledge to admit or deny the allegations in paragraph 27.

28. Herman is without knowledge to admit or deny the allegations in paragraph 28.

29. Herman is without knowledge to admit or deny the allegations in paragraph 29.

30. Herman is without knowledge to admit or deny the allegations in paragraph 30.

31. Herman is without knowledge to admit or deny the allegations in paragraph 31.

32. Herman is without knowledge to admit or deny the allegations in paragraph 32.

33. Herman is without knowledge to admit or deny the allegations in paragraph 33.

34. Herman is without knowledge to admit or deny the allegations in paragraph 34.

35. Herman is without knowledge to admit or deny the allegations in paragraph 35.

36. Herman is without knowledge to admit or deny the allegations in paragraph 36

37. Herman is without knowledge to admit or deny the allegations in paragraph 37.

38. Herman is without knowledge to admit or deny the allegations in paragraph 38.

39. Herman is without knowledge to admit or deny the allegations in paragraph 39 since the identity of Individual One has not been disclosed to Herman but denied as to the argumentative claim that Herman did anything to make shares "authorized and legitimate" and that he entered into any "purported" stock purchase agreement with Individual One.

40. Herman denies the factual allegations contained in Paragraph 40.

41. Herman denies the factual allegations contained in Paragraph 41.

42. Herman denies the factual allegations contained in Paragraph 42.

43. Herman denies the factual allegations contained in Paragraph 43.

44. Herman is without knowledge to admit or deny the allegations in paragraph 44.

45. Herman is without knowledge to admit or deny the allegations in paragraph 45.

46. Herman is without knowledge to admit or deny the allegations in paragraph 46.

47. Herman is without knowledge to admit or deny the allegations in paragraph 47.

48. Herman is without knowledge to admit or deny the allegations in paragraph 48.

49. Herman denies the factual allegations contained in Paragraph 49.

50. Herman is without knowledge to admit or deny the allegations in paragraph 50.

51. Herman denies the factual allegations contained in Paragraph 51.

52. Herman is without knowledge to admit or deny the allegations in paragraph 52.

53. Herman is without knowledge to admit or deny the allegations in paragraph 53.

54. Herman is without knowledge to admit or deny the allegations in paragraph 54.

55. Herman is without knowledge to admit or deny the allegations in paragraph 55.

56. Herman is without knowledge to admit or deny the allegations in paragraph 56.

57. Herman is without knowledge to admit or deny the allegations in paragraph 57.

58. Herman is without knowledge to admit or deny the allegations in paragraph 58.

59. Herman is without knowledge to admit or deny the allegations in paragraph 59.

60. Herman is without knowledge to admit or deny the allegations in paragraph 60.

61. Paragraphs 61-66 set out legal conclusions not requiring denials of fact.  Generally denied.

62. Herman denies that the Plaintiff is entitled to the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

1. The SEC has acted with unclean hands in this matter so that equitable relief in the form of an injunction should be unavailable.  Subject to further briefing, the SEC's principal witnesses in this matter are complicitous in each and every act alleged, and it has, upon information and belief, relied on facts presented by them that it knows or has reasonable grounds to know are false, with special reference as to claims of forgery.

2. The SEC's subversion of its own Wells Submission protocol demonstrates bad faith, such that any manner of relief against Herman should be denied.  It is the Commission's public policy to provide persons that it intends to charge with violations of the Federal Securities Laws with an opportunity to provide a written or video statement as to the propriety

of the charges or the necessity of the case.  The SEC did not comply with its own policy, and Offill's first knowledge of the Commission's action against him was after this civil action was commenced.  Upon information and belief, the SEC's timing of this action was intended to impact sentencing considerations in Herman's pending (and wholly unrelated) criminal proceedings in Wyoming.

PRAYER

Wherefore, premises considered, Herman  requests that the SEC's claims herein be denied and that it takes nothing, and that he be awarded any and all relief to which he may establish he is entitled.

Date: 4-4-22

Respectfully Submitted,

/s/Justin W. Herman
Justin W. Herman, pro se
528 Brookfield Court
Canonsburg, PA 15317
Justin@ichcorp.net
(724) 709-1552

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this Answer was served on counsel for the Securities and Exchange Commission on April 4, 2022, by email and by depositing a copy in the U.S. Mail, proper postage affixed, addressed as follows:

| | |
|---|---|
| Nickolay V. Vydashenko<br>Securities and Exchange Commission<br>Fort Worth Regional Office<br>801 Cherry St., Ste. 1900<br>Ft. Worth, Texas  76102<br><br>vydashenkon@sec.gov | |

      /s/Justin W. Herman_____
Justin W. Herman, pro se
528 Brookfield Court
Canonsburg, PA 15317
Justin@ichcorp.net
(724) 709-1552