IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US SECURITIES AND EXCHANGE COMMISSION, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:22-CV-121-N-BH | |
| § | | |
| PHILLIP W. OFFILL, JR., and § | | |
| JUSTIN W. HERMAN, § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Government's Motion to Intervene and Stay Proceedings*, filed September 15, 2022 (doc. 33). Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

On January 19, 2022, the United States Securities and Exchange Commission (SEC) filed a civil action against Phillip W. Offill, Jr. and Justin W. Herman (Defendants) for violations of section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-5(a) and (c), 17 C.F.R. §§ 240.10b-5(a) and (c), and sections 17(a)(1) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1) and (3). (doc. 1 at 18-19.)[2] The complaint alleges that Defendants "orchestrated and carried out a fraudulent scheme to misappropriate and then sell millions of shares of stock in Mansfield-Martin Exploration Mining, Inc. (Mansfield)." (*Id.* at 1.) As part of their alleged scheme, it claims, Defendants forged documents and entered into sham transactions to give the appearance that the Mansfield penny-stock transfers they directed were authorized and legitimate, even though

---

[1] By *Order of Reference* dated April 11, 2022 (doc. 16), this case was referred for pretrial management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the legal owner of the shares never authorized their sale or transfer. (*Id.*) Defendants allegedly reaped hundreds of thousands of dollars in illicit profits by selling off millions of the fraudulently transferred shares. (*Id.*)

After Defendants answered the complaint, Offill moved to dismiss the claims against him under Rule 12(b)(6) on May 23, 2022. (docs. 20; 22; 29.)

On August 24, 2022, a grand jury in the Eastern District of Virginia returned a multiple count indictment charging Defendants with securities fraud in violation of 18 U.S.C. § 1348, conspiracy to commit securities fraud in violation of 18 U.S.C. § 1349, and wire fraud in violation of 18 U.S.C. § 1343. (*See* doc. 33-1.) The conspiracy and fraud charges all center on Defendants' conduct with respect to Mansfield penny-stock and are based largely on the same facts alleged in the civil complaint. The criminal indictment alleges additional fraudulent conduct by Defendants in connection with Mansfield, including that they defrauded investors and the investing public in excess of $1 million during the conspiracy.

On September 15, 2022, the United States of America (Government) moved to intervene and stay this proceeding pending the completion of the criminal case against Defendants. (doc. 33.) The motion is unopposed by Plaintiff and Herman. (*Id.* at 14.) Offill opposes the motion for a complete stay of the proceedings but does not oppose the motion to intervene. (doc. 36 at 3-4.)[3]

## II.  MOTION TO INTERVENE

The Government moves to intervene in this civil action under Rule 24, and its motion is unopposed by the parties. (doc. 33 at 5-7.)

Under Rule 24(a)(2), the court must permit a party to intervene as of right where the movant

---

[3]While Offill initially proceeded *pro se*, counsel has appeared on his behalf and filed the response to the Government's motion. (*See* doc. 35.)

"claims an interest relating to the ... transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Intervention as of right under Rule 24(a)(2) is based on 'four requirements: (1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation.'" *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002) (quoting *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 756 (5th Cir. 1995)).

Here, the Government has met the requirements for intervention as of right under Rule 24(a)(2). First, the motion was timely filed; the SEC filed this lawsuit on January 19, 2022, the related criminal indictment was returned on August 24, 2022, and the Government moved to intervene on September 15, 2022. "Therefore, this action has not been pending long enough so that the government's intervention will prejudice the parties." *Sec. & Exch. Comm'n. v. Mutuals.com, Inc.*, No. CIV.A.3:03-CV-2912-D, 2004 WL 1629929, at *1 (N.D. Tex. July 20, 2004). Second, the Government has an interest in the subject matter of this case "because it has a recognizable interest in preventing discovery in the civil case from being used to circumvent the more limited scope of discovery in the related criminal case." *Id.* Third, the broader scope of discovery available in this civil matter may impair the Government's right to more limited discovery in the related criminal case. *Id.* at *2 (citations omitted). Finally, the Government's interest in preserving more limited discovery cannot be adequately protected by the SEC. This is because the SEC, as a party in the civil

3

action, must comply with discovery requests that are proper under the civil rules regardless of whether they would be proper under the more limited criminal discovery rules. *Id.* Accordingly, the Government's motion to intervene under Rule 24(a)(2) is granted.[4]

### III.  MOTION TO STAY

The Government moves to stay this action pending completion of the criminal case against Defendants. (doc. 33 at 7.) As discussed, only Offill objects to the motion to stay. (doc. 36 at 4.)

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Fin. Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981)).

> As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, [j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed unstayed.

*United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)) (internal quotations omitted). When appropriate, the court should use its discretion "to narrow the range of discovery" rather than staying the entire case. *Campbell*, 307 F.2d at 487.

In determining whether "special circumstances" warrant a stay of an action pending parallel criminal proceedings, courts in this district have considered six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants

---

[4] Because the Government is entitled to intervene as of right under Rule 24(a)(2), it is unnecessary to consider its alternative motion for permissive intervention under Rule 24(b).

4

have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Walker v. Witburn*, No. 3:12-CV-4896-D, 2015 WL 5873392, at *5 (N.D. Tex. Oct. 5, 2015) (citing cases). The movant bears the burden to show that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### A.   Overlap of Issues

The first factor to be considered is the extent to which the issues in the civil case overlap with the issues in the criminal case. *See Walker*, 2015 WL 5873392, at *6 (citing cases); *Librado v. M.S. Carriers, Inc.*, No. Civ.A. 3:02-CV-2095-D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 05, 2002) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.") (citations omitted). "'If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay.'" *Id*. (citation omitted).

Here, it is undisputed that the issues in both the civil and criminal proceedings concern Defendants' involvement and conduct in connection with the sale of Mansfield stock. Courts have consistently found that when issues in civil and criminal actions substantially overlap, as they do here, this factor weighs in favor of staying the action until the conclusion of the criminal case. *See Arevalo v. City of Farmers Branch*, No. 3:16-CV-1540-D, 2017 WL 1153230, at *14 (N.D. Tex. Mar. 28, 2017) (finding substantial overlap of issues in civil and criminal actions weighing in favor of staying a civil case); *Walker*, 2015 WL 5873392, at *7, 9 (same). Because the criminal and civil cases both arise from the same conduct, this factor weighs in favor of stay.

### B.   Status of Criminal Case

The second factor to consider is the status of the criminal case. *Walker*, 2015 WL 5873392,

at *7. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Librado*, 2002 WL 31495988, at *2.

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Id.* (quoting *Trs. of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

Here, the parties agree that Defendants have been indicted based on the same conduct that is the basis for the SEC's claims in this civil suit. (docs. 33 at 4; 36 at 3.) As with the first factor, courts have also consistently determined that a defendant's indictment weighs in favor of stay. *See Walker*, 2015 WL 5873392, at *7; *Librado*, 2002 WL 31495988, at *2. Because Defendants have been indicted, this factor weighs in favor of staying the civil claims against them. *Id*.

C. **Interests of Plaintiff and the Public**

The third factor examines the plaintiff's interests in proceeding expeditiously when weighed "against the prejudice that will be caused by the delay that will result from the stay." *Walker*, 2015 WL 5873392, at *7; *see Librado*, 2002 WL 31495988, at *2. The public interest is the sixth factor that must also be considered in determining whether to grant a motion to stay. *See Walker*, 2015 WL 5873392, at *9; *Librado*, 2002 WL 31495988, at *3. Generally speaking, "[a]dministrative policy gives priority to the public interest in law enforcement." *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). "In the context of a civil enforcement suit, the plaintiff's interest and the public interest are intertwined." *Mutuals.com, Inc.*, 2004 WL 1629929, at *3 (quoting *SEC v. Mersky*, No. Civ. A. 93-5200, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)). Therefore, the third and sixth

6

factors are considered together. Because the SEC has consented to the stay of civil proceedings, and the interests of the public are aligned with those of the SEC, the third and sixth factors weigh in favor of a stay. *See Mutuals.com*, 2004 WL 1629929, at *3.

### D.      Interests of the Defendants

The fourth factor to be considered is the private interests of the defendants in opposing the stay and the burden that would result if the stay is granted. *See S.E.C. v. Offill*, No. CIV.A.3:07-CV-1643-D, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008).

Absent a stay, Defendants will be forced into an unfair choice between asserting the Fifth Amendment privilege and fulfilling their legal obligations witnesses in this civil action. *Librado*, 2002 WL 31495988, at *3. "This conflict may be largely, if not completely, eliminated by granting a stay." *Id.* A stay also avoids exposing the basis of Defendants' criminal defense to the prosecution in advance of criminal trial. *Sec. & Exch. Comm'n v. Kelly*, No. 3:04-CV-2098-M, 2006 WL 8437214, at *4 (N.D. Tex. Mar. 9, 2006) (citing *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980); *see Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009) (holding that "a stay may be justified in order to prevent ... exposing the defense's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case"). Additionally, "a stay of discovery will relieve [D]efendants of the burden of defending against civil and criminal cases simultaneously." *Mutuals.com, Inc.*, 2004 WL 1629929, at *4.

Offill argues that abating all discovery in this action provides an "unnecessary and improper advantage" to the SEC because it would be able to work in tandem with the Government to conduct discovery for use in both civil and criminal proceedings, while he "would be prohibited from conducting any investigation." (doc. 36 at 4.) He fails to explain how he would be harmed if the

7

motion to stay is granted under these circumstances, however. Even if the Government coordinates and shares information with the SEC during the criminal case, Offill, unlike the SEC, is a party in the criminal case and has direct access to the discovery materials produced in that case. *See Mutuals.com, Inc.*, 2004 WL 1629929, at *4 (noting how the stay would only marginally impede defendants' "ability to gather the facts of the transactions involved in this lawsuit, because the government will provide them with the documents relating to the conduct alleged in the criminal complaint"). Accordingly, Defendants' private interest weigh in favor of stay. *See id.*; *Walker*, 2015 WL 5873392, at *7.

### E.     Interests of the Court

The interests of the Court is also considered when determining whether to grant a motion to stay. *See Walker*, 2015 WL 5873392, at *9; *Librado*, 2002 WL 31495988, at *3. On the one hand, "courts have a strong interest in moving matters expeditiously through the judicial system." *SEC v. Kiselak Capital Grp., LLC*, No. 4:09-CV-256-A, 2011 WL 4398443, at *4 (N.D. Tex. Sept. 20, 2011). On the other hand, granting a stay "serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy." *Offill*, 2008 WL 958072, at *3 (citing *Pollack, Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 204 (1990)). "Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Parallel Proceedings*, 129 F.R.D. at 204. Additionally, "granting a stay will not unduly interfere with the court's management of its docket." *Heller Healthcare Fin., Inc. v. Boyes*, No. CIV.A. 3:00-CV-1335-D, 2002 WL 1558337, at *3 (N.D. Tex. July 15, 2002). Accordingly, the Court's interests do

not weigh against a stay. *Id.*; *Librado*, 2002 WL 31495988, at *3.

In conclusion, because each of the factors weighs in favor of a stay, this action will be stayed pending resolution of the parallel criminal matter. *See Walker*, 2015 WL 5873392, at *5; *Mutuals.com, Inc.*, 2004 WL 1629929, at *4.

### IV. CONCLUSION

The Government's motion to intervene and to stay is **GRANTED**, and this civil action is **STAYED** until the criminal proceeding against Defendants is resolved.[5]

**SO ORDERED** on this 16th day of December, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Because motions to intervene and to stay are considered pretrial matters, they are "within the statutory authority of matters that a magistrate judge may 'hear and determine.'" *Doucet v. Boardwalk Pipelines LP*, No. 4:20-CV-01793, 2021 WL 3674974, at *1 (S.D. Tex. Feb. 23, 2021) (citing 28 USC § 636(b)(1)(A)); *see also S.E.C. v. Kornman*, No. CIV.A. 3:04-CV-1803-L, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006) (noting that the government's motion to intervene and motion for stay of proceedings were nondispositive motions).