IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:22-CV-00121-N |
| PHILLIP W. OFFILL, JR. and JUSTIN W. HERMAN, | ) |
| Defendants. | ) |

**PLAINTIFF'S UNOPPOSED MOTION TO DISMISS ITS CLAIMS
AGAINST PHILLIP W. OFFILL, JR.**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission (the "Commission" or the "SEC") hereby moves this Court to dismiss with prejudice its claims against Defendant Phillip W. Offill, Jr. and, in support, would show as follows:

On June 17, 2024, this case was reopened on motion of the Commission after being stayed for nearly eighteen months. Doc. 43. That same day, the SEC moved for entry of a final judgment against Defendant Justin Herman. Doc. 44. The SEC also moved for partial summary judgment on its claims against Offill. Doc. 45. Final judgment was entered against Herman on July 16, 2024. Doc. 53. The Commission's motion for partial summary judgment as to Offill remains pending.

On November 21, 2024, Offill's counsel filed a suggestion of death, confirming that Offill passed away on September 28, 2024. Doc. 58.

Because Offill has passed, and because the SEC does not intend to pursue its claims against his estate, the SEC moves that the Court moot the SEC's pending motion for summary judgment and dismiss with prejudice the SEC's claims as to Offill. Federal Rule of Civil

Procedure 41(a)(2) states, in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

In this case, Offill did not assert a counterclaim, nor does he oppose the SEC's motion. Dismissing the SEC's claims will further judicial economy by obviating the need to rule on the SEC's pending motion and will preserve resources of the Court and parties. The SEC therefore moves that its claims against Offill be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court grant this motion and dismiss its claims against Defendant Phillip W. Offill, Jr., with each party to bear its own fees and costs.

DATED: November 25, 2024            Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

/s/ Tyson M. Lies
Matthew J. Gulde
Illinois Bar No. 6272325
Tyson M. Lies
Texas Bar No. 24087927
United States Securities and
Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone: (817) 978-1410
Facsimile: (817) 978-4927
guldem@sec.gov
liest@sec.gov

*Attorney for Plaintiff*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2024, I electronically filed the foregoing via the Court's CM/ECF filing system, which will send a notice of electronic filing to all CM/ECF participants.

                                           */s/ Tyson M. Lies*
                                           Tyson M. Lies

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 25, 2024, I conferred with counsel for Phillip W. Offill, Jr., who advised that he is unopposed to this motion.

                                           */s/ Tyson M. Lies*
                                           Tyson M. Lies